808 March 12, 2025 No. 220

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHEAL VANHORN,
Micheal Scott Vanhorn,
*Defendant-Appellant.*

Washington County Circuit Court
22CR33407; A181071

Beth L. Roberts, Judge.

Submitted January 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010(4), reckless driving, ORS 811.140, and two counts of second-degree criminal mischief, ORS 164.354. Defendant raises a single assignment of error, challenging the denial of his motion to suppress evidence that police found during a warrantless search of defendant's car, including a "mostly empty" whiskey bottle. We affirm.

"We review a trial court's denial of a motion to suppress for legal error, and we are bound by the trial court's factual findings if there is any constitutionally sufficient evidence in the record to support them." *State v. Maciel-Figueroa*, 361 Or 163, 165-66, 389 P3d 1121 (2017). If the trial court "did not make express findings and there is evidence from which the trial court could have found a fact in more than one way, we will presume that the trial court decided the facts consistently with the trial court's ultimate conclusion." *Id.* at 166.

On appeal, defendant argues that the trial court erred when it denied his motion to suppress for several reasons:

> "[T]he search of the vehicle was unreasonable in time, scope, and intensity under the search-incident-to-arrest exception because [the officer] did not encounter defendant in the vehicle, did not develop probable cause to arrest defendant while he was in the vehicle, paramedics were transporting defendant away from the scene when [the officer] performed the search, and [the officer] did not arrest defendant until after he had performed the search and away from the scene of the collision."

The state responds that defendant did not preserve that argument. Assuming, without deciding, that defendant preserved those arguments, we nevertheless conclude that the trial court did not err.

Our opinion in *State v. Krause*, 281 Or App 143, 383 P3d 307 (2016), *rev den*, 360 Or 752 (2017), controls here. In that case, we explained that a search incident to arrest "will comport with Article I, section 9, [of the Oregon Constitution]

even though the defendant no longer has control over the area searched, as long as the evidence reasonably could be found in that area and the search is otherwise reasonable in time, scope, and intensity." *Id.* at 146. We observed that "[t]he common thread in [our case law] is that the defendant had been in a car, got out of the car (either to perform field sobriety tests or for some other reason), and an officer *then* developed probable cause to arrest the defendant for a crime that the defendant had committed while in the car." *Id.* at 148 (emphasis in original).

In denying defendant's motion to suppress, the trial court found the officer's testimony credible and determined that the officer "did have probable cause to make an arrest and this was search incident to that arrest." The officer testified that he encountered defendant outside of defendant's vehicle and noticed that defendant had "bloodshot and watery eyes, [and] slurred speech." In addition, because the officer "smell[ed] the odor of an alcoholic beverage emanate from his person," the officer believed that he developed probable cause to arrest defendant for DUII. The officer further testified that, because defendant experienced chest pain, defendant was transported by ambulance to the hospital where the officer later arrested him. While defendant traveled to the hospital, the officer searched the vehicle "incident to arrest" and saw the whiskey bottle. Thus, under *Krause*, we conclude that the trial court did not err because "the officer's search of the car incident to arrest was reasonable in time, scope, and intensity—even though the defendant had not been in the car *at* the time of [his] arrest." 281 Or App at 148 (emphasis in original); *Maciel-Figueroa*, 361 Or at 165-66 ("[W]e are bound by the court's factual findings" because "constitutionally sufficient evidence in the record *** support[s] them.").

Defendant nevertheless argues that *Krause* is "clearly wrong" and that we "should overrule that opinion and hold that a search incident to arrest must be applied consistently with its animating purpose: exigency."

> "In advancing that argument, however, defendant faces a high hurdle. He must demonstrate not just that the earlier decisions were in some way mistaken, but also that

they were 'plainly wrong.' *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017). It must be demonstrated that the prior decisions failed to consider an important argument or failed to apply the required analytical framework."

*State v. Wilcox*, 335 Or App 743, 755, 560 P3d 91 (2024). We have considered defendant's arguments and are unpersuaded that *Krause* was "plainly wrong." *E.g.*, *State v. Duffee*, 336 Or App 763, 768, 561 P3d 1140 (2024). The trial court did not err when it denied defendant's motion.

Affirmed.